IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HIIREEN A. JONES, #23018260, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:23-cv-1649-S-BN |
| PARKLAND HOSPITAL, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Hiireen A. Jones, an inmate at the Dallas County jail, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging claims against Parkland Hospital and a doctor at the jail related to medical care that he has received. *See* Dkt. Nos. 3, 7.

The presiding United States district judge referred the case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court granted Jones's motion for leave to proceed *in forma pauperis* [Dkt. No. 4] under the Prison Litigation Reform Act (PLRA), *see* Dkt. No. 6, and issued a screening questionnaire [Dkt. No. 5] to further the PLRA's requirement that, where a plaintiff is imprisoned or detained pending trial and seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.

§ 1915A(b).

Jones filed verified responses to the Court's questions, *see* Dkt. No. 7, and thereby amended his claims, *see Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("the opportunity to amend [a] complaint [through] responses to the magistrate judge's questionnaire" is "an acceptable method for a *pro se* litigant to develop the factual basis for his complaint" (citation omitted)).

Considering the complaint as amended, the undersigned enters these findings of fact, conclusions of law, and recommendation that, to the extent and for the reasons set out below, the Court should dismiss Jones's claims.

## Legal Standards

As set out above, the PLRA authorizes the Court to dismiss a complaint where it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Because this language tracks the language of Federal Rule of Civil Procedure 12(b)(6), the Court should apply the pleading standards as set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Considering these standards, Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, just "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of

"entitlement to relief.""" *Id.* (quoting *Twombly*, 550 U.S. at 557). On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

But, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

So, to avoid dismissal for failing to state a claim upon which relief may be granted under Section 1915A(b)(1), plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief'

is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

## Analysis

Jones alleges that he had a surgery at Parkland in January 2023, during which a nail was installed in his right femur, and that, after a two-week stay, he was discharged with pain medication. *See* Dkt. No. 3 at 4. After his discharge, he visited another hospital for a second opinion and pain medication and was told that he had a blood infection and a clot. *See id.* He then returned to Parkland to report the infection and was refused treatment. *See id.*

The Court may take judicial notice of jail and state court records, *cf. Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (per curiam) (under Federal Rule of Evidence 201, a district court may "take judicial notice of the state court's orders, final judgment, and docket as matters of public record attached to the motion to dismiss" (citations omitted)), which reflect that Jones was arraigned on charges of aggravated assault with a deadly weapon and booked into the Dallas County jail on May 6, 2023, *see State v. Jones*, No. F23-44778 (Crim. Dist. Ct. No. 5, Dall. Cnty., Tex.).

And Jones confirms in his verified responses to the screening questionnaire that, as to the original allegations set out above, he was not an inmate, a detainee, or a prisoner at that time. *See* Dkt. No. 7 at 2. But Jones adds that, after being detained at the jail, a doctor who works for Parkland has refused to provide him "something … stronger than ibuprofen 300 mg." for his chronic nerve pain and muscle spasms. *Id.*

He further alleges that he no one has transitioned him from a wheelchair "to a walker to continue [his] therapy." *Id.*

Starting with the events that pre-date Jones's incarceration, he has plausibly shown a constitutional violation based on those allegations.

"[S]ince pretrial detainees and convicted state prisoners are similarly restricted in their ability to fend for themselves, the State owes a duty to both groups that effectively confers upon them a set of constitutional rights that fall under the Court's rubric of 'basic human needs.'" *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc).

The basic human needs of pretrial detainees are "protected by the Due Process Clause of the Fourteenth Amendment." *Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 419 (5th Cir. 2017) (citing *Cupit v. Jones*, 835 F.2d 82, 84-85 (5th Cir. 1987)), which affords them "protections [that are] 'at least as great as ... those available to a convicted prisoner,'" *Price v. Valdez*, No. 3:16-cv-3237-D, 2017 WL 3189706, at *5 (N.D. Tex. July 27, 2017) (quoting *Hare*, 74 F.3d at 639; original brackets omitted).

But, because Jones was not detained pretrial during the events alleged in the original complaint, the State had not, at that time, restricted his ability to fend for himself and consequently had yet to confer upon Jones a constitutional right to care for his basic human needs. So Jones has not alleged a plausible due process violation based on the events alleged in the original complaint, because it is "[t]he State's exercise of its power to hold detainees and prisoners" that triggers its "responsibility

under the U.S. Constitution to tend to essentials of their well-being." *Hare*, 74 F.3d at 638-39.

After the State detained Jones, it assumed the responsibility to provide medical care to him that does not violate the Constitution. And, as to Jones's allegations that, once detained, he has been denied medical care (or, in his opinion, sufficient medical care), the "deliberate indifference standard [as defined in *Farmer v. Brennan*, 511 U.S. 825 (1994),] is the appropriate standard for all denial of medical care claims under the Eighth and Fourteenth Amendments." *Coker v. Dall. Cnty. Jail*, No. 3:05-cv-05-M, 2007 WL 3022575, at *16 (N.D. Tex. Oct. 17, 2007) (citing *Hare*, 74 F.3d at 645).

"'Deliberate indifference is an extremely high standard to meet' but can be satisfied by a 'wanton disregard for [an inmate's] serious medical needs.'" *Cope v. Cogdill*, 3 F.4th 198, 207 (5th Cir. 2021) (quoting *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)).

That is, "[d]eliberate indifference is a degree of culpability beyond mere negligence or even gross negligence; it must amount to an intentional choice, not merely an unintentionally negligent oversight." *Alvarez v. City of Brownsville*, 904 F.3d 382, 391 (5th Cir. 2018) (en banc) (quoting *James v. Harris Cnty.*, 577 F.3d 612, 617-18 (5th Cir. 2009) (quoting, in turn, *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 392 (5th Cir. 1992))); *see also Kelson v. Clark*, 1 F.4th 411, 417 (5th Cir. 2021) ("'[D]eliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm.' Rather, 'the plaintiff

must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."'" (citations omitted)).

Alone, a disagreement with medical treatment or a failure to provide additional medical treatment does not constitute deliberate indifference. *See Domino*, 239 F.3d at 756; *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

And that is all that Jones has alleged as to medical care that he has received since being detained at the jail: (1) a doctor associated with Parkland refused Jones's request for stronger pain medication and (2) he has not been transitioned from a wheelchair to a walker to continue his therapy. *See* Dkt. No. 7 at 2. So none of Jones's allegations as amended reflect that a defendant ignored his complaints or otherwise show "a wanton disregard for [his] serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). The Court should therefore dismiss the complaint as amended.

## Leave to Amend

The time to file objections to this recommendation (further explained below) allows Jones an opportunity to explain how the fatal pleading deficiencies identified above can be cured and thus show the Court that this case should not be dismissed with prejudice at this time and that the Court should instead grant him leave to further amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but

a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave.").

If Jones fails to show that leave to further amend should be granted, the Court should dismiss this case with prejudice.

## Recommendation

The Court should dismiss this action with prejudice unless, within the time to file objections, Plaintiff Hiireen A. Jones shows a basis to grant leave to further amend the complaint.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: August 17, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

- 9 -